UNITED STATES *v.* OWENS.

*(District Court, E. D. Missouri. July 3, 1883.)*

INDICTMENT—SENDING LETTER THROUGH THE MAIL TO CREDITOR WITH INTENT TO DEFRAUD—REV. ST. § 5480.

An attempt to defraud a creditor by inclosing with a letter to him worthless slips of paper in place of money, stated by such letter to be inclosed therewith, and sending such letter and inclosed slips to such creditor through the mail, is not an indictable offense under section 5480 of the Revised Statutes.

Motion to Quash Indictment on the ground that it does not set out any offense under the statute.

¹ Reported by B. F. Rex, Esq., of the St. Louis bar.

The indictment charges that the defendant, being indebted to the Bowman Distilling Company,—

"Devised a certain scheme and artifice to defraud by means of certain slips of paper, to be inclosed in a certain letter with a certain coin known as a half-dollar, which said slips of paper were then and there to be inclosed as aforesaid in the place of a certain sum of money, to-wit, the sum of $162; and which said scheme and artifice was then and there intended by the said Owens to be effected by opening correspondence and communication with the said corporation by means of the post-office department of the United States,—did, in and for executing and attempting to execute the said scheme and artifice, then and there place in a certain post-office of the United States, to-wit, the post-office at Alton, * * * a certain letter, then and there having inclosed therein the said slips of paper and the said coin, and then and there addressed to the said Bowman Distilling Company."

The letter is set forth in the opinion.

The section of the statute alleged to have been violated is as follows:

"Sec. 5480. If any person, having devised or intending to devise any scheme or artifice to defraud or be effected by either opening or intending to open correspondence or communication with any other person * * * by means of the post-office establishment of the United States, * * * shall, in and for executing such scheme or artifice, or attempting so to do, place any letter * * * in any post-office of the United States, * * * such person so misusing the post-office establishment shall be published by a fine * * *."

*William H. Bliss,* for the United States.

*Franklin Ferriss,* for defendant.

TREAT, J. An indictment was found against defendant under section 5480, Rev. St. A motion to quash has been interposed. The questions presented call for an interpretation of said section, and the sufficiency of the averments made. Substantially, the indictment charges that the defendant, being a debtor of the Bowman Distilling Company for $162.50, remitted to the latter, through the mail, a 50-cent coin, with certain slips of paper, (their character and value not stated,) the letter inclosing the same being as follows:

"ALTON, Mo., February 21, 1883.

"*Bowman Distilling Company*—GENTS: Please inclosed find $162.50, being the whole amount due you from us, for which you will please place to our credit and forward the receipt for the same, and oblige yours, truly,

"A. B. OWENS & Co."

It is averred that defendant, within the meaning of said section, opened a correspondence with said creditor to defraud him by the means aforesaid. It is obvious, so far as the indictment discloses, that the fraudulent scheme could not be effective. The debt would not be discharged by the receipt of worthless slips of paper, nor even by the giving of a receipt obtained by fraud. If the design was to obtain credit for $162.50 and a receipt through the carelessness of the creditor, does the transaction fall within said section? No one was defrauded, and no one could possibly be. There may have been

an attempt to cheat, cognizable, possibly, by some state statutes or a common law. Were the postal laws designed to draw within federal jurisdiction each and every individual transaction between debtor and creditor, when postal correspondence ensues, with respect thereto, irrespective of the possibilities of effecting a fraud, if any were designed? Remittances may be made which may or may not be received in discharge of a debt, and may or may not be of the value stated. If the creditor chooses to receive such remittances—may be drafts, etc.—in payment of his demand, and it should turn out, after litigation, that such remittances were valueless, and forwarded with the knowledge of the debtor that they were of no value, is resort to be had to the postal laws for the ascertainment of such facts and the punishment of the offender? If such is the scope of the section named, it may draw within federal cognizance nearly all the commercial correspondence of the country as to disputed demands and the value of remittances.

It appears to the court that the act was designed to strike at common schemes of fraud, whereby, through the post-office, circulars, etc., are distributed, generally to entrap and defraud the unwary, and not the supervision of commercial correspondence solely between a debtor and creditor. This seems to be the true interpretation from the language in the last clause in the section, viz. :

"The indictment, information, or complaint may severally charge offenses to the number of three, when committed within the same six calendar months; but the court thereupon shall give a single sentence, and shall apportion the punishment especially to the degree in which the abuse of the post-office establishment enters as an instrument into such fraudulent scheme and device."

The court, on this motion, looks solely to the charge as made in the indictment, without holding that no case of private correspondence between debtor and creditor can, under any circumstances, fall within the statute. It was hinted in argument that certain devices were resorted to, in connection with a registered letter, for the purpose of inducing the creditor to believe that the remittance had been tampered with and abstracted while in the post-office, and that at the trial facts to that effect would appear. If such are the facts the indictment does not disclose them. It must suffice that averments made do not bring the defendant within the statute. Whether the fact *dehors* the record may justify a new indictment, it is for the pleader to determine. The motion is sustained.